OPINION OF THE COURT
Bernard S. Greenbaum, J.
Plaintiff commenced this action seeking to recover for unpaid no-fault insurance medical benefits and legal fees. Plaintiff moves for summary judgment based upon the defendant’s failure to pay or deny the claims timely. Defendant claims that it timely requested verification and its time to comply was extended. This court notes that, contrary to plaintiffs argument, defendant had 10 business days from “receipt” of the claim to request verification (see, 11 NYCRR 65.15 [d] [1]). Plaintiff has submitted the date of mailing of the claim. Defendant has failed to show when it received the claim. The box, on *408 the denial form, with respect to the date the bill was received by the insurer is blank. The actual date of receipt is, in the first instance, knowledge within the defendant’s possession. Assuming five days for mailing from January 7, 1998, the defendant had until January 12, 1998 to pay or deny. The verification request was 11 business days after said date. Further, the defendant’s verification request sought information already provided to defendant. Such factors convince this court that the defendant’s time to pay or deny the claim was not extended. Therefore, defendant is precluded and summary judgment in plaintiffs favor is warranted (see, Presbyterian Hosp. v Maryland Cas. Co., 90 NY2d 274).
Accordingly, the plaintiffs motion for summary judgment is granted; summary judgment is hereby awarded to plaintiff in the sum of $3,837.78 with interest at the statutory rate of 2% from February 12, 1998 plus costs and disbursements; and plaintiffs attorneys are hereby awarded counsel fees at the statutory rate.